

**ORIGINAL**

DOUGLAS F. CUSHNIE
P. O. BOX 949
SAIPAN, MP 96950
TELEPHONES: (670) 234/6843 • 234/6830
FAX: (670) 234/9723

Attorney for Guerrero Brothers, Inc., et al.

FILED
Clerk
District Court

AUG 12 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| CYNTHIA A. METZLER, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | CIVIL ACTION NO. 97-00011 |
| Plaintiff, | |
| vs. | DECLARATION OF COUNSEL |
| GUERRERO BROTHERS, INC., et al., | DATE: SEPTEMBER 15, 2005 |
| Defendants. | TIME: 8:30 A.M. |
| | JUDGE: ALEX R. MUNSON |

Douglas F. Cushnie upon penalty of perjury declare that the following is true and correct:

1. That your declarant is counsel of record for defendants Pedro R. Deleon Guerrero and Herman R. Deleon Guerrero, has personal knowledge of the facts set forth below and if called upon to testify would testify accordingly.

2. That subsequent to hearing in the motion filed with this court for an order in aid of judgment on August 25, 2004 the court issued its order of September 23, 2004 requiring the parties to this litigation to meet and confer as to

the best way to secure money owing by defendants to the plaintiff.

  3. That on September 23, 2004 your declarant sent a letter to David M. Sablan, president, Century Insurance Co., Ltd., a true and correct copy of that letter being attached to this declaration as Exhibit 1. No reply was received to this letter.

  4. That on October 15, 2004 your declarant sent a letter to Barbara Matthews, Supervisory Trial Attorney with the United States Department of Labor, a copy of that letter being attached to this declaration as Exhibit 2.

  5. On October 28, 2004 your declarant sent a letter to the Honorable Alex R. Munson, District Judge reporting efforts made to resolve this matter with the plaintiff, a true and correct copy of that letter being attached to this declaration as Exhibit 3.

  6. On March 10, 2005 your declarant sent another letter to Barbara Matthews at the United States Department of Labor, a true and correct copy of that letter being attached hereto as Exhibit 4.

  7. That subsequent to the letter from Ms. Matthews your declarant spoke with another attorney at the Office of the Solicitor, United States Department of Labor, the up shot of which was that the Department of Labor would not be able to do anything to secure the funds which had been available for payment of these wage claims from the bonding company.

-2-

DOUGLAS F. CUSHNIE, SAIPAN, CM 96950

8. That attached hereto is a true and correct copy of the settlement agreement executed by and between Guerrero Brothers, Inc. and the Commonwealth Public School System which is attached as Exhibit 5 hereto, together with a termination for convenience issued by the Public School System in favor of Guerrero Brothers, Inc., identified as Exhibit 6 hereto, and a dismissal of the administrative proceedings filed by Guerrero Brothers, Inc. issued by the U.S. Department of the Interior, Office of Hearings and Appeals, Candida S. Steel, Administrative Judge.

AND FURTHER YOUR declarant sayeth not.

DATED this 9th August, 2005.

DOUGLAS F. CUSHNIE
Attorney for Defendants

BY: _____
DOUGLAS F. CUSHNIE

DOUGLAS F. CUSHNIE, SAIPAN, CM 96950

LAW OFFICES

*Douglas F. Cushnie*

POST OFFICE BOX 949
SAIPAN, MP 96950
TELEPHONES (670) 234-6843 · 234-6830
TELEX: 9102507405
CABLE ADDRESS: "ABOGADOS MN UQ"
FAX: (670) 234-9723

September 23, 2004

David M. Sablan
President
Century Insurance Co., Ltd.
PMB 193, PPP Box 10,000
Saipan, MP 96950

    Re: *Guerrero Brothers, Inc./Public School System*
        *Contract No. C30053*

Dear Mr. Sablan:

    This firm represents Guerrero Brothers, Inc. As you are aware Guerrero Brothers, Inc. was the contractor on the Tinian High School project under PSS Contract No. C30053. Century Insurance Company bonded that project providing performance and payment bonds. The project was initially terminated by the Public School System for default by Guerrero Brothers, a termination that was subsequently changed to a termination for the convenience of the government. That termination for convenience of the government was memorialized in a settlement agreement which provided for the payment of $1,300,000.00 by PSS from Department of the Interior funds held by the Commonwealth Department of Finance.

    By Civil Action No. 97-00011 the United States Department of Labor asserted claims against Guerrero Brothers, Inc. and its two principles Pedro R. Guerrero and Herman R. Guerrero. On March 14, 1997 a Consent Judgment was entered in that action, a copy of which is provided herewith. The Consent Judgment at page 4 provided for payment of an outstanding balance of $140,240.63 for wage claims made by employees on the Tinian High School project. The judgment specifically acknowledged that the Department of Labor


Exhibit 1

*Douglas F. Cushnie*

PAGE Two
David M. Sablan
09/23/04

would accept release of federal contract funds currently held by the Department of the Interior from the CNMI Public School System Contract No. C30053. The Department of Labor in fact made a partial draw down of funds from that source leaving $42,543.00 to be collected under that judgment from that fund. For reasons that are not relevant here the Department of Labor did not take further steps at the time to collect the remaining amount.

The monies retained at the Department of Finance under the aforementioned contract number amounted to slightly over $804,000.00. These funds were subject to a settlement agreement entered into by and between the Public School System, the Commonwealth Development Authority and Guerrero Brothers. All of those funds were subject to the judgment and the right of the U.S. Department of Labor to collect the balance of the judgment from that fund.

By a process which is not entirely clear the $804,000.00 which was subject to the settlement agreement mentioned above, as well as the District Court judgment in Civil Action No. 97-00011 was transferred from the Department of Finance to Century Insurance Company. This transfer was done without the knowledge of Guerrero Brothers, the Commonwealth Development Authority nor the U.S. Department of Labor.

On September 23, 2004 defendants and the U.S. Department of Labor appeared before Judge Alex R. Munson in the District Court to determine procedures for payment of the wages which are subject to the judgment from the money that was transferred to Century Insurance. As a result of that hearing and subsequent conversations with counsel for the Department of Labor, I am writing this letter demanding payment of the wages which were subject to the judgment in U.S.D.C.N.M.I. Civil No. 97-00011. According to the Department of Labor the principal amount of $42,543.00 has accrued interest since the entry of judgment for a total amount of principal and interest through September 4, 2004 of $61,358.00. I look forward to receiving a Cashier's Check or Money Order payable to the order of "Wage and Hour Division-U.S. Department of Labor" for transmission directly to the U.S. Department of Labor, or if you prefer I will provide you with names and addresses at the U.S. Department of Labor to which you may send these funds. If those funds have not been made available to the U.S. Department of Labor by September 30, 2004 I do intend to initiate further proceedings in the United States District Court in conjunction with the U.S.

*Douglas F. Cushnie*

PAGE Three
David M. Sablan
09/23/04

Department of Labor to secure payment of the funds that were subject to the District Court judgment and to cause subpoenas to be issued to appropriate Public School System and Century Insurance personnel.

Thank you for your cooperation in this situation.

Very truly yours,

DOUGLAS F. CUSHNIE

*[signature]*

DOUGLAS F. CUSHNIE

DFC/lg

cc: Barbara A. Matthews, U.S. Dept. of Labor

LAW OFFICES

*Douglas F. Cushnie*

POST OFFICE BOX 949
SAIPAN, MP 96950
TELEPHONES (670) 234-6843 · 234-6830
TELEX: 9102507405
CABLE ADDRESS: "ABOGADOS MN UQ"
FAX: (670) 234-9723

October 15, 2004

Barbara Matthews
Supervisory Trial Attorney
Office of the Solicitor
United States Department of Labor
71 Stevenson Street, Suite 1110
San Francisco, California 94105

Re: *Metzler v. Guerrero Bros., et al.*

Dear Ms. Matthews:

I sent a letter to Century Insurance Company, as you have previously been informed. To date I have received no response to that letter nor to phone calls which I have made to Century Insurance. In view of this I must assume that the bonding company does not wish to cooperate or enter into any dialogue with either my client or the U.S. Department of Labor regarding payment of these sums to former Guerrero Brothers employees. Pursuant to the order of the court I intend to inform Judge Munson, albeit late, of the current situation.

If you have any comments or suggestions regarding the communication to Judge Munson, please let me know. A copy of the proposed communication is sent herewith.

Very truly yours,

DOUGLAS F. CUSHNIE

*[signature]*

DOUGLAS F. CUSHNIE

DFC/lg

Exhibit 2

LAW OFFICES

*Douglas F. Cushnie*

POST OFFICE BOX 949
SAIPAN, MP 96950
TELEPHONES (670) 234-6843 · 234-6830
TELEX: 9102507405
CABLE ADDRESS: "ABOGADOS MN UQ"
FAX: (670) 234-9723

October 28, 2004

Hon. Alex R. Munson
District Judge
U.S. District Court for the
  Northern Mariana Islands
2nd Floor, Horiguchi Building
Gualo Rai
Saipan, MP 96950

   Re: *Metzler v. Guerrero Bros., Inc., et al.*
    Civil Action No. 97-0011

Dear Judge Munson:

  On September 23, 2004 the letter which is attached to this communication was sent to Century Insurance Co., the bonding company on the Tinian High School Project involving Guerrero Brothers. I have received no response to this letter, nor to several phone calls which were placed with Century Insurance Company. I have advised Ms. Matthews of this situation, and she is of course receiving a copy of this letter.

  In light of this situation and unless Ms. Matthews can provide some other insight or assistance to at least receiving a response from Century Insurance Company, I must conclude that a hearing, at which time I intend to subpoena appropriate individuals from Century Insurance Company, the Commonwealth Public School System and the Commonwealth Department of Finance to inquire into the precise location of this money and how it was removed from the Finance Department is necessary.

          Very truly yours,

          DOUGLAS F. CUSHNIE

DFC/lg

Exhibit 3

LAW OFFICES

*Douglas F. Cushnie*

POST OFFICE BOX 949
SAIPAN, MP 96950
TELEPHONES (670) 234-6843 · 234-6830
TELEX: 9102507405
CABLE ADDRESS: "ABOGADOS MN UQ"
FAX: (670) 234-9723

**VIA FACSIMILE**
(415) 975-4495

March 10, 2005

Barbara Matthews
Supervisory Trial Attorney
Office of the Solicitor
United States Department of Labor
71 Stevenson Street, Suite 1110
San Francisco, California 94105

Re: *Metzler v. Guerrero Bros., et al.*

Dear Ms. Matthews:

I am scheduling another hearing in an attempt to secure the funds which were taken from the Department of Finance and turned over to Century Insurance Company in violation of the settlement agreement between Guerrero Brothers, the Public School System and the Commonwealth Development Authority. In speaking with Judge Munson a while back he requested that I make one further contact with you to see whether there was any possibility at your end of securing the funds through processes issuing from the Department of Labor.

In light of this situation would you please get back to me as soon as possible with your conclusions regarding the situation. If you are unable to propose some other method of securing the funds, I will schedule a hearing in the District Court and will be compelled to subpoena appropriate Commonwealth

Exhibit 4

PAGE Two
Barbara Matthews
03/10/05

government officials to determine what happened to the money and where it is right now so that the judgment in this action may be satisfied.

Thank you for your assistance.

Very truly yours,

DOUGLAS F. CUSHNIE

DOUGLAS F. CUSHNIE

DFC/lg

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this ~~July~~ 31st day of ~~June,~~ 2001, by and between Guerrero Brothers, Incorporated ("GBI") through its duly appointed and authorized Vice President and General Manager, Pedro R. Guerrero, and the Commonwealth of the Northern Mariana Islands Public School System ("PSS"), through its duly appointed and authorized Commissioner of Education, Rita H. Inos, Ed. D.

## RECITALS

WHEREAS, GBI and the PSS entered into Contract Number C-30053 on July 26, 1993 for the construction of Tinian High School (THS);

WHEREAS, GBI was not satisfied with respect to the resolution of claims made against PSS and therefore declined to continue with construction on November 18, 1996;

WHEREAS, PSS default terminated GBI on April 4, 1997;

WHEREAS, GBI appealed the Default Termination which appeal was heard by Judge Perry Bond of the Interior Contract Board of Appeals in June, 1999;

WHEREAS, Judge Bond, in a bench memorandum dated June 21, 1999, strongly suggested that the parties negotiate "for the removal of the default from the record, and the receipt of a lesser amount than the full claim by GBI, and the payment of a lesser amount than the full claim by PSS";

WHEREAS, GBI and PSS acknowledge that execution of this Agreement and both parties' compliance with the terms, conditions and covenants set forth herein will constitute full and complete satisfaction and release of any and all claims GBI may wish to bring for any matters, events, acts or omissions taken during construction of THS and/or the time during which the underlying contract or any amendment, change order, or revision thereto was enforceable against the PSS, the Commonwealth of the Northern Mariana Islands Board of Education (BOE), the Commonwealth of the Northern Mariana Islands (CNMI), the Office of Insular Affairs (OIA) and all of their heirs, personal representatives, agents, affiliates, employees, officers, officials, successors, predecessors, assigns, independent contractors, consultants, and all their firms, agencies, departments, corporations, or other entities in privity or joint liability therewith whether sued individually or in their official capacity;

## TERMS OF AGREEMENT

NOW, THEREFORE, for and in consideration of the covenants contained herein, the parties agree as follows:

1. *Payment by PSS:* Upon the parties' respective execution and delivery of this Agreement, the PSS shall be obligated to pay to GBI within thirty (30) days of the affixation of all necessary signatures to this Agreement, the sum of five hundred thousand US dollars ($500,000.00). PSS has been advised by the OIA that that agency shall provide the settlement sum as a legitimate cost of construction incurred by the PSS.

Exhibit 5

Settlement Agreement
June 20, 2001
Page 2.

2. *Interpleader Action:* Upon the parties' respective execution and delivery of this Agreement, the PSS agrees to file or have filed on its behalf, an interpleader action in that certain matter filed in the CNMI Superior Court, entitled <u>Commonwealth Development Authority (CDA) vs. Guerrero Brothers Incorporated</u> (Civil Action No. 97-677C). Said action shall be filed against Century Insurance Company and GBI. The funds remaining in Phase 1 of the THS construction fund shall be interplead with the Court within thirty (30) days from the execution of this agreement. As of June 19, 2001, the remaining balance in Phase 1 is eight hundred and four thousand, forty nine dollars and seventy three cents ($804,049.73).

3. *Conversion From Termination to Convenience:* Upon the parties' execution and compliance with this Agreement, the PSS shall convert the Termination for Default to a Termination for Convenience. Said conversion shall be reflected in writing.

4. *No Admission:* This Agreement and the payment hereunder are in no way to be considered as an admission of fault or liability on the part of either party or any employee, official, or entities identified above, but is instead a compromise and settlement of various disputed claims, entered into for the express purpose of avoiding the expense and vexation of litigation.

5. *Confidentiality:* Upon the execution of this Agreement, all aspects, terms and conditions of this Agreement shall remain strictly confidential and shall not be disclosed to other parties other than when legally required.

6. *Entire Agreement:* This Agreement represents and contains the entire agreement and understanding between the parties hereto with respect to the subject matter hereof, and supersedes any and all prior oral and written agreements and understandings. It is admitted by all parties that no representation, warranty, condition, understanding or agreement of any kind with respect to the subject matter of this Agreement shall be relied upon by the parties unless incorporated herein, that this compromise is made by the parties with full knowledge of the facts and possibilities of the claims and defenses asserted, and that the terms of the covenants herein are contractual and not a mere recital. This Agreement may not be amended or modified except by an agreement in writing, signed by the party against whom the enforcement of any modification or amendment is sought

7. *Review:* In entering into this Agreement, the parties represent that this Agreement has been completely read and that all terms and conditions are fully understood and voluntarily accepted by them. Each party has reviewed and negotiated this Agreement, and accordingly, the rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

8. *Severability:* If any provision of this Agreement, is declared illegal or unenforceable by any court of competent jurisdiction in any action or proceeding instituted by, on behalf of, or for the benefit of any party with respect to this Agreement, and such provision cannot be modified to be unenforceable, such provision shall immediately become null and void and the parties shall renegotiate such provision in good faith, leaving the remainder of this Agreement in full force and effect.

Settlement Agreement
June 20, 2001
Page 3.

9. *Governing Law:* This Agreement shall be governed by and construed in accordance with the substantive law of the Commonwealth of the Northern Mariana Islands.

10. *Breach:* In the event that any party breaches this Agreement and an action is brought to enforce said Agreement, the prevailing party shall be entitled to an award of his, her or its reasonable attorney's fees and costs.

IN WITNESS WHEREOF, the parties hereto or their lawful representative have duly executed this Agreement.

For the PSS:

_____
Rita Hocog Inos, Ed.D
Commissioner of Education

6.20.01
Date

For Guerrero Bros., Inc.:

_____
Pedro R. Guerrero
Guerrero Brothers, Inc.

7-31-01
Date

Concurred: CNMI State Board of Education

By : _____
Anthony (Tony) Pellegrino, Chairman

6/20/01
Date

APPROVED AS TO FORM AND LEGAL CAPACITY:

_____
Timothy M. Connor
PSS Legal Counsel

June 20, 2001
Date

_____
Douglas F. Cushnie
Attorney, Guerrero Bros., Inc.

July 31, 2001
Date

 

**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**
STATE BOARD OF EDUCATION
PUBLIC SCHOOL SYSTEM
P.O. BOX 1370 CK
SAIPAN, MP 96950

# HAND DELIVERED
# TO THE OFFICES OF
# GUERRERO BROTHERS, INC.

Anthony (Tony) Pellegrino
Chairman

Maria Lee C. Taitano
Vice-Chairperson

Members
Esther S. Fleming
Roman Benavente
Frances H. Diaz

Scott Norman
Non-Public School Rep.

Antonille M. Mendiola
Student Representative

Commissioner of Education
Rita Hocog Inos, Ed.D

September 27, 2001

Guerrero Brothers, Inc.
Mr. Pedro R. Guerrero
General Manager
Saipan, MP 96950

RE: PSS Contract No. C30053 and Change Order #2 for Construction of Tinian High School -Termination for Convenience

Dear Mr. Guerrero:

Pursuant to that certain Settlement Agreement of July 31st, 2001 between the Public School System and Guerrero Brothers, Inc., and particularly, Terms of Agreement, Section 3, thereof, the <u>Termination for Default</u>, served on Guerrero Brothers, Inc. on April 7, 1997 is hereby converted to a <u>Termination for the Convenience of the Government</u> (the Public School System and the Department of Public Works).

Sincerely,

Louise S. Concepcion
Acting Commissioner of Education

John B. Cepeda
Secretary of Public Works

Exhibit 6

Board of Education

Commissioner of Education

# United States Department of the Interior

OFFICE OF HEARINGS AND APPEALS

Interior Board of Contract Appeals
4015 Wilson Boulevard
Arlington, Virginia 22203

RECEIVED
DOUGLAS F. CUSHNIE
DATE: 9/25/01
TIME: 10:00 m
BY: _____

Sent by Facsimile

Sept. 5, 2001

APPEAL OF GUERRERO BROTHERS, INC.

CNMI PSS Contract No. C30053        IBCA 3806-97

APPEARANCE FOR APPELLANT:        Douglas F. Cushnie, Esq.
                                 P.O. Box 949
                                 Saipan, MP 96950

APPEARANCE FOR CNMI PSS:         Timothy M. Connor, Esq.
                                 P.O. Box 1370 CK
                                 Saipan, MP 96950

## Order

On September 3, 2001, the Board received a Stipulation for Dismissal of the above-captioned appeal as a result of a settlement agreement reached by the parties. Pursuant to that stipulation, the appeal is hereby dismissed with prejudice. The efforts of counsel in arriving at this settlement are appreciated.

_Candida Steel_
Candida S. Steel
Administrative Judge

I concur:

_Parrette_
Bernard V. Parrette
Acting Chief Administrative Judge

Exhibit 6